**134**

UNITED STATES, Appellee,

v.

Bartholomew S. BERRY, Sergeant, U.S.
Air Force, Appellant.
No. 62,655.

U.S. Court of Military Appeals.

May 10, 1990.

Certiorari Denied Oct. 9, 1990.
See 111 S.Ct. 247.

For Appellant: *Captain Bernard E.
Doyle, Jr.* (argued); *Colonel Richard F.
O'Hair* (on brief).

For Appellee: *Captain Morris D. Davis*
(argued); *Colonel Joe R. Lamport, Colo-
nel Robert E. Giovagnoni, Major Paul H.
Blackwell* (on brief); *Major Terry M. Pe-
trie.*

### Opinion of the Court

EVERETT, Chief Judge:

A military judge sitting alone as a gener-
al court-martial tried Sergeant Berry at
Yokota Air Base, Japan, on a charge with
two specifications alleging violations of Ar-
ticle 112a, Uniform Code of Military Jus-
tice, 10 USC § 912a. The first specification
accused him of divers uses of marijuana
between January 1 and December 31, 1987;
and the second specification alleged divers
distributions of marijuana between June 1
and December 31, 1987. Contrary to his
pleas, appellant was found guilty as
charged and was sentenced to a bad-con-
duct discharge, 4 months' confinement, re-
duction to airman basic, and a fine of
$4,000.00, with further confinement of an
additional year if the fine was not paid.
The convening authority approved the sen-
tence; and the Court of Military Review
affirmed the findings and sentence in a
memorandum opinion.

We granted Berry's petition for review
on this issue:
> WHETHER THE MILITARY JUDGE
> ERRED BY ADMITTING EVIDENCE
> OF APPELLANT'S POSITIVE URI-
> NALYSIS IN REBUTTAL.

### I

The Government's case-in-chief relied
heavily on Berry's written confession taken
on January 3, 1988, by special agents of the
Air Force Office of Special Investigations.
In this confession—which the defense
moved unsuccessfully to suppress—appel-
lant had admitted using marijuana a num-
ber of times during the year 1987 and also
distributing marijuana to Staff Sergeant
Steven Ladnyk on seven occasions. The
Government also offered corroborating tes-
timony from two immunized co-actors, Ser-
geant Ladnyk and Airman Basic Jerry
Smitherman.

The defense presented evidence of appel-
lant's good character and of Ladnyk's poor
character for truthfulness, as well as the
testimony of a witness who had been
present at a party where the Government
claimed that Berry had smoked marijuana
but who had not seen any use of marijuana
there. Also, Captain Linda Rollins, the

monitor of the medical urinalysis testing program at Yokota Air Base, testified that on November 17, 1987, and January 4, 1988, Berry had provided urine specimens, both of which had been tested and reported as negative.

In rebuttal, the Government offered a document which purported to be a laboratory report prepared by the United States Army Criminal Investigation Laboratory–Pacific on January 22, 1988.[1] The report stated the "suspect" was Bartholomew BERRY; listed under evidence examined—"[o]ne urine specimen (Berry)"; and set forth these findings: "Examinations of Exhibit 1 revealed the presence of 11–nor–Delta 9–THC acid, the major human metabolite of THC."[2] *(See* Appendix.) The report does not give the date when the urine specimen was obtained; and it was not accompanied by any document showing a chain of custody. However, there was an authenticating certificate, signed by Sergeant Robert A. Vergara, Records Custodian, on the stationery of the Criminal Investigation Laboratory–Pacific, which stated "that the attached report ... is a true and accurate copy of a report kept in the official files of this laboratory and maintained by me in accordance with applicable law and regulations."

The defense objected "on the grounds that it was improperly obtained. There's been no foundation laid for a chain of custody. There's been no foundation laid that it was collected in any sort of regular manner." Trial counsel responded that, under Mil.R.Evid. 902(4a), Manual for Courts-Martial, United States, 1984, the report was admissible; and the military judge accepted this argument and overruled the defense objection.

## II

### A

■ The authenticating certificate properly attested that the document attached to it was a copy of a report on file at the Criminal Investigation Laboratory. *See* Mil.R.Evid. 902(4a). However, it did not attest that the urine specimen discussed in the report actually had been obtained from Berry. The chemists who prepared the laboratory report could not have known any of the circumstances under which the

urine specimen had been obtained and transmitted to the criminal laboratory. Therefore, their report should not be construed to contain any representation as to the chain of custody; and, if such representations had been made, they would be beyond the knowledge of those who prepared the report.

■ Appellate government counsel argue that the two laboratory reports introduced as defense exhibits, which state that Berry's urine had tested negative on two occasions, were equally objectionable for failure to establish a chain of custody and that, by introducing these reports, the defense waived its right to object to the laboratory report the Government offered in rebuttal. We disagree.

The Government did not object to the two defense exhibits on chain-of-custody grounds, as did the defense with respect to the Government's laboratory report. *See* Mil.R.Evid. 103(a)(1). Moreover, the defense offered a witness to help link its reports with appellant's urine samples; but the Government offered only a document without any supporting witness. Under the circumstances here, the defense did not waive its right to object to the Government's failure to establish a chain of custody. Thus, the document was not admissible.

Although we hold the Government's laboratory report inadmissible because of an inadequate foundation, we should also point out some other concerns. The report gives no indication of the methodology or rationale used in arriving at its conclusion concerning the presence of THC. Moreover, no witness was called to explain the procedures of the laboratory in preparing such reports or to interpret the report. *Cf. United States v. Murphy,* 23 MJ 310 (CMA 1987). Moreover, without more information than was furnished by this laboratory report, it is impossible to determine whether the report was prepared in the manner prescribed by the directives of the Department of Defense. *Cf. United States v. Arguello,* 29 MJ 198 (CMA 1989). Even if a chain of custody had been established, we doubt that this document—without any supporting witness—would have been sufficiently probative to warrant its reception as rebuttal evidence.

---

1. The exhibit reflects that the findings of the two chemists who apparently prepared the report are dated January 21, 1988.

2. *See United States v. Harper,* 22 MJ 157, 159 n. 1 (CMA 1986).

B

Even though the rebuttal evidence was inadmissible, we conclude that Berry was not harmed. The prosecution case was strong and included a detailed confession by Berry, which dovetailed with the corroborating testimony of two prosecution eyewitnesses. *See United States v. Rounds*, 30 M.J. 76 (CMA 1990). The defense case, on the other hand, was weak. Since we are convinced beyond a reasonable doubt that reception of the laboratory report did not affect the outcome of the trial, there is no need to set aside the findings of guilty.

III

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX and SULLIVAN concur.

## APPENDIX

| CRIMINAL INVESTIGATION LABORATORY REPORT CID Regulation 195-20 | | DATE PREPARED 22 January 1988 |
|---|---|---|
| PREPARING LABORATORY United States Army Criminal Investigation Laboratory - Pacific APO San Francisco 96343-0086 | CONTRIBUTOR Commander AFOSI Detachment 4640/CC APO 96328 | PAGE 1 OF 1 PAGES LABORATORY CASE NUMBER 88-CID331-00015-C CONTRIBUTOR CASE NUMBER 8846D17-2201 |

SUSPECT(S)

BERRY, BARTHOLOWMEW

EVIDENCE EXAMINED                                                                 tm

EXHIBIT:

1 - One urine specimen (BERRY).

FINDINGS:

Examinations of Exhibit 1 revealed the presence of 11-nor-Delta 9-THC acid, the major human metabolite of THC.

Note:   11-nor-Delta 9-THC acid is controlled by Schedule I of Public Law 91-513.

CONSUMPTION OF EVIDENCE:

| EXHIBIT | RECEIVED | CONSUMED | RETURNED |
|---|---|---|---|
| 1 | item | extract | item |

GEORGE R. NAKAMURA
Chief Chemist
21 January 1988

J. STALL
Forensic Chemist
21 January 1988

CID FORM 72